[No. 10,017.]

## THE PEOPLE *v.* WILLIAM JOHNSTON.

QUALIFICATION OF A JUROR IN A CRIMINAL CASE.—The point to be determined as to the qualification of a juror in a criminal case is, whether at the time of his examination he has an unqualified opinion as to the guilt or innocence of the accused, and not what might be the state of his mind after hearing the evidence.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

The defendant was convicted of murder in the second degree and appealed.

The other facts are stated in the opinion.

*Jo Hamilton,* for Appellant, argued that the challenge to the juror for bias should have been allowed, and cited *People* v. *King,* 28 Cal. 265; and Sec. 347 Cr. Pr. Act.

*John L. Love, Attorney General,* for Respondent.

By the COURT:

The Court below erred in denying the defendant's challenge of the juror, Charles Bach, for implied bias. On his examination in chief the juror stated that when the homicide was committed he was the operator in the telegraph office at Jackson, near which place the homicide occurred; that he learned some of the facts attending the homicide from dispatches sent and received through the office, and also heard some of the particulars from a witness for the prosecution; that from these facts, and particularly from what he had learned through the dispatches, he had formed an opinion as to the guilt or innocence of the accused; that it was a "fixed opinion," and would require evidence to remove it; that he still retained that opinion after having heard what purported to be the facts of the case, and it

would require evidence to change it.    On cross-examination he said the opinion he had formed depended on the truth or falsity of what he had heard; that if what he had heard was true he had the opinion stated; but "if it turns out that what I have heard is not true, then I will have no opinion in the matter."    The point to be determined as to the qualification of the juror was whether *at the time of his examination* he had an unqualified opinion as to the guilt or innocence of the accused, and not what might be the state of his mind after hearing the evidence.    He testified explicitly that at the time of his examination he had a "fixed opinion" after hearing what purported to be the facts, and that it would require evidence to change it.    The statement that he might change or modify the "fixed opinion" he then had, if the facts he had heard turned out to be untrue, does not prove or tend to prove that he did not *then* have a "fixed," or what is the same thing, an unqualified opinion.    There is a wide distinction between a "fixed" opinion, formed after hearing what purported to be the facts, and a mere impression or hypothetical opinion, such as was discussed and commented upon in *People* v. *Harris*, 16 Cal. 129, and subsequent cases.

Judgment reversed and cause remanded for a new trial.